Stephanie G. Chau (SBN 292699)
CARLTON FIELDS, LLP
2029 Century Park East, Suite 1200
Los Angeles, CA 90067-2913
Telephone: (310) 843-6300
Facsimile: (310) 843-6301
Email: schau@carltonfields.com

Attorneys for Defendant
ACCORDIA LIFE AND ANNUITY COMPANY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SCHMIDT, Individually and on behalf of the Class,<br><br>Plaintiff,<br><br>vs.<br><br>ACCORDIA LIFE AND ANNUITY COMPANY, an Iowa Corporation, and DOES 1-300, Inclusive,<br><br>Defendants. | Case No.: **'23CV1923 BEN BGS**<br><br>**DEFENDANT ACCORDIA LIFE AND ANNUITY COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441, 1446 AND 1453** |

134142366.1

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Accordia Life and Annuity Company ("Accordia") hereby removes this civil action to this Court from the Superior Court of the State of California, County of San Diego, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and in accordance with 28 U.S.C. § 1332. In support of removal, Defendant states as follows:

## I. BACKGROUND

1. Plaintiff David Schmidt ("Plaintiff") commenced this action in the Superior Court of the State of California, County of San Diego, captioned *David Schmidt, Individually, and on Behalf of the Class, v. Accordia Life and Annuity Company*, Case No. 37-2023-0008678-CU-IC-CTL (the "State Court Action"), on September 6, 2023. True and correct copies of the Complaint and Summons are attached hereto as Exhibit A.

2. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of "all process, pleadings and orders" (other than the Complaint which is already attached as Exhibit A), as well as all other documents on the State Court Action docket to date, are attached hereto as Exhibit B.

3. The Complaint asserts claims, by Plaintiff individually and on behalf of a purported Class of similarly situated persons, that Accordia improperly terminated their life insurance policies due to non-payment of premiums in violation of California law.

4. On September 20, 2023, Accordia was served with the Complaint. A true and correct copy of the Proof of Service on Summons filed with the court is included in Exhibit B attached hereto (Court's ROA No. 8).

5. The State Court Action is removable to this Court, and this Court has jurisdiction over this civil action, under 28 U.S.C. §1441(b) based on diversity of citizenship, because there is complete diversity of citizenship and the matter in

1  controversy exceeds $75,000, exclusive of interest and costs. The State Court
2  Action also is removable to this Court, and this Court has jurisdiction over this civil
3  action, under the Class Action Fairness Act, 28 U.S.C. § 1332.

4       6.    Venue of this removal is proper under 28 U.S.C. § 1441(a) because this
5  Court is the United States District Court for the district corresponding to the place
6  where the State Court Action is pending.

7  **II.    <u>REMOVAL IS PROPER UNDER 28 U.S.C. § 1332</u>**

8       "The principal federal statute governing diversity jurisdiction, 28 U.S.C. §
9  1332, gives federal district courts original jurisdiction of all civil actions 'between
10 ... citizens of different States' where the amount in controversy exceeds $75,000."
11 Based on the allegations of the complaint, the nature of the relief Plaintiff seeks, and
12 other available information, the amount in controversy requirement is satisfied.

13      **A.    <u>Citizenship of the Parties</u>**

14      7.    Upon information and belief, and based upon the allegations set forth
15 in the Complaint, Plaintiff is, and was at the time the Complaint was filed, a citizen
16 of the State of California for jurisdictional purposes. *See* Exhibit A at ¶ 24 ("Plaintiff
17 is and has been a resident and citizen of California at all times relevant.").

18      8.    Accordia is, and was at the time the Complaint was filed, an insurance
19 corporation that is incorporated and existing under the laws of the State of Iowa,
20 with its principal place of business in Des Moines, Iowa. *See* Iowa Dept. of Banking
21 and Insurance Website, *available at* https://mydata.iowa.gov/Regulation/Iowa-
22 Domiciled-Insurance-Companies/wd57-wrqf (reflecting insurance companies
23 licensed in Iowa, and Accordia's principal place of business in Des Moines, Iowa).

24      **B.    <u>Removal is Timely</u>**

25      9.    Defendants was served with the Complaint and Summons in this matter
26 on September 20, 2023. *See* Dkt. No. 8. A notice of removal of a civil action must
27 be filed within 30 days of service of the complaint or other pleading or order placing
28 defendant on notice of removability. 28 U.S.C. § 1446(b). This Notice of Removal

1  is therefore timely filed with this Court because it has been filed on or before October
2  20, 2023 and within the 30-day period prescribed by Section 1446(b).

### C. Diversity Exists

10. 28 U.S.C. § 1332(a)(1) requires that, for district courts to have original jurisdiction, the civil action must be between citizens of different states. The diversity requirement is satisfied here because, Plaintiff is a citizen of California and Defendant Accordia is a citizen of Iowa. 28 U.S.C. § 1332(a)(1).

### D. The Amount-in-Controversy Requirement is Satisfied

11. The final requirement for diversity jurisdiction is that the aggregate amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

12. The Complaint alleges that Defendant wrongfully terminated a $700,000 life insurance policy death benefit purportedly owed to Plaintiff. *See* Exhibit A at ¶¶ 47-59, 96,100.

13. In addition to the amount of the life insurance policy, Plaintiff seeks treble damages, interest, and attorney's fees and costs of suit.

14. Accordingly, the benefits that Plaintiff seeks to recover from the at-issue life insurance policy exceed $75,000, and Plaintiff's damages claims clearly satisfy the amount in controversy requirement. Although Defendants disagree that Plaintiff is entitled to any relief, Plaintiff's alleged compensatory damages exceed the jurisdictional floor of $75,000.

15. Therefore, because complete diversity exists and the relief sought in Plaintiff's Complaint satisfies the amount in controversy in excess of $75,000, this case may be removed pursuant to 28 U.S.C. §§ 1441(a) and 1441(b).

### III. REMOVAL ALSO IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. § 1332(d)

### A. The Pleading Standard

134157955.4

16. "[N]o antiremoval presumption attends cases involving CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Sys. Co., LLC v. Owens*, 574 U.S. 81, 89 (2014), and the pleading standard for a removing defendant is not a high one. To remove a class action, the defendant's notice must "contain[] a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "Courts should thus 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Dart Cherokee*, 574 U.S. at 87 (citations omitted). "A statement 'short and plain' need not contain evidentiary submissions." *Id.* at 84.

**B.  Grounds for Removal**

17. As more fully explained below, this Court has jurisdiction over the *Schmidt* Action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because:

    a. The *Schmidt* Action is a "class action" as defined by 28 U.S.C. § 1332(d)(1)(B), filed on behalf of a putative class of "[a]ll owners, or beneficiaries upon a death of the insured, of Defendant's individual life insurance policies issued in California before January 1, 2013, that Defendant lapsed or terminated for non-payment of premiums in or after 2013 without first complying with all of the requirements of Insurance Code Sections 10113.71 and 10113.72." Exhibit A (Complaint), ¶ 61. The Complaint also seeks certification of a sub-class defined as "[a]ll members of the Class defined above who were also 65 years of age or older at the policy lapse (sic) or terminated." *Id.*

    b. The amount in controversy based on the aggregation of the proposed class members' alleged claims exceeds $5,000,000.00, exclusive of interest and costs (28 U.S.C. § 1332(d)(2) and (6); and

134157955.4

1          c.      There is minimal diversity.  Specifically, one or more members of the proposed class and the defendant are citizens of different states.  *See* 28 U.S.C. § 1332(d)(2)(A)-(B) and Section _, *supra*.

**C.    The *Schmidt* Complaint is a Class Action**

18.    The *Schmidt* complaint is captioned "Individual and Class Action Complaint."  Exhibit A, p. 1.  The named plaintiff seeks to proceed on behalf of himself and a class of similarly situated purchasers of Accordia life insurance policies.  Complaint ¶¶ 61-72 and Prayer for Relief.

19.    In the *Schmidt* complaint, Plaintiff alleges that the class consists of hundreds, and likely thousands, of California residents.  *See* Exhibit A ¶ 65 ("the proposed Class and sub-class contain hundreds and perhaps thousands of members"); ¶ 7 ([Defendant's] course of conduct was not only directed to Plaintiff, but to the public and tens of thousands of other ACCORDIA Life customers.").

20.    Accordingly, the *Schmidt* Action is a "class action" as defined in 28 U.S.C. § 1453 and 28 U.S.C. § 1332(d)(1)(B).

**D.    Minimal Diversity of Citizenship Exists**

21.    District courts have subject matter jurisdiction over a class action, as defined in 28 U.S.C. § 1453 and 28 U.S.C. § 1332(d)(1)(B), where, *inter alia*, "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d)(2)(A). Congress enacted CAFA with the "intent … to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications." *Ehrman v. Cox Comm'ns, Inc.*, 932 F.3d 1223, 1226 (9th Cir. 2019). As a result, a party's allegation of minimal diversity may be based on "information and belief." *Id.* at 1227.

22.    Plaintiff David Schmidt is and was at the time of the filing of the Complaint a California citizen and resident for jurisdictional purposes.  Exhibit A, ¶ 24.  Defendant Accordia is and was at the time of the filing of the Complaint an

6

134157955.4

1  Iowa citizen and resident for jurisdictional purposes. See *id.*, ¶ 25 and Section II.A, *supra*.

23. Indeed, because the proposed Class consists of policies issued to California residents (Exhibit A, ¶ 61), diversity exists between all unnamed putative class members and Defendant.

24. Accordingly, minimal diversity exists in this case because one or more members of the putative class are citizens of a State that is different from that of the defendant.

### E.  CAFA's Amount in Controversy Requirement is Satisfied

25. District courts have subject matter jurisdiction over a class action, as defined in 28 U.S.C. § 1453 and 28 U.S.C. § 1332(d)(1)(B), where, *inter alia*, "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Pursuant to 28 U.S.C. § 1332(d)(6), the claims of each putative class member can be aggregated to determine whether the amount in controversy requirement is satisfied. When a defendant removes a case, the "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. From there, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87. A defendant's notice of removal need not include evidence supporting his amount in controversy allegation. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019). And a defendant has no obligation to venture beyond the pleadings to try to calculate the amount in controversy. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013).

26. Based on the allegations of the complaint, the nature of the relief plaintiff seeks, and other available information, the amount in controversy requirement is satisfied.

27. Plaintiff's complaint defines the class as consisting of "[a]ll owners, or beneficiaries upon a death of the insured, of Defendant's individual life insurance policies issued in California before January 1, 2013, that Defendant lapsed or terminated for non-payment of premiums in or after 2013 without first complying with all of the requirements of Insurance Code Sections 10113.71 and 10113.72." Exhibit A (Complaint), ¶ 61.

28. Plaintiff alleges in the complaint that putative class members were deprived of the entire benefits of their Accordia life insurance policies because they were improperly lapsed or terminated in violation of California law, such that the terminations are purportedly void and the policies remain in force. Exhibit A ¶¶ 8, 11, 13, 91, 100.

29. Because the value of Plaintiff's policy alone is $700,000, and the Complaint alleges that the proposed Class consists of hundreds, thousands, or tens of thousands of individuals (*see* Exhibit A ¶¶ 7, 65), it is apparent that the amount in controversy requirement is satisfied.

30. The complaint also seeks treble damages under Cal. Civ. Code § 3345. *See* Exhibit A, Prayer for Relief. While Accordia disputes the availability of punitive damages, plaintiff's request for such damages easily puts the value of the aggregate claims above the CAFA threshold.

31. Plaintiff also seeks attorneys' fees. *See* Exhibit A, Prayer for Relief. "Attorneys' fees can be taken into account in determining the amount in controversy if a statute authorizes fees to a successful litigant. *Goldberg v. CPC International Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), and here, California's Welfare and Institutions Code §§ 15610.30, et seq., at a minimum, permits the recovery of attorneys' fees.

32. In the Ninth Circuit, 25% of the total recovery is the "benchmark level" for reasonable attorneys' fees in class action cases. *Garibay v. Archstone Communities, LLC*, 539 F. App'x 763, 764 (9th Cir. 2013). Using this 25%

benchmark, courts have included attorneys' fees estimates of 25% of the total recovery in determining the amount in controversy under CAFA. *Id.*; *Rwomwijhu v. SMX LLC*, 2017 WL 1243131, at *6 (C.D. Cal. Mar. 3, 2017). As described above, the aggregate value of the putative class members' life insurance policies are many millions of dollars, and thus the amount in controversy would include millions in attorneys' fees.

## IV.  NOTICE

33.  Promptly after filing this Notice of Removal with the United States District Court for the Southern District of California, Accordia will file a copy of this Notice of Removal with the Clerk of the Superior Court of San Diego County, California, and service notice on Plaintiff, as required by 28 U.S.C. § 1446(d).

## V.  BRIEFING AND DISCOVERY

34.  Should plaintiff assert any challenge to removal, Accordia requests the opportunity to present evidence in the form of a brief supported by an affidavit or other admissible evidence in support of its Notice of Removal, and to present oral argument in support of its position that jurisdiction is proper in this Court. *See, e.g.*, *Altamirano v. Shaw Indus., Inc.*, 2013 WL 2950600, at *3 (N.D. Cal. June 14, 2013) (recognizing that "[a] court may properly consider evidence the removing party submits in its opposition to remand, even if this evidence was not submitted with the original removal petition") (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002). Accordia also reserves its right to request jurisdictional discovery should plaintiff challenge removal. *Ehrman*, 932 F.3d at 1228 (noting "that, had Ehrman challenged the truth of the jurisdictional allegations in Cox's notice of removal, the district court should have permitted jurisdictional discovery had Cox requested it").

134157955.4

## VI. ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

35. Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending.

36. A Notice of Filing of Notice of Removal, with a copy of the Notice of Removal attached, will be filed promptly in the Superior Court of California, County of San Diego in accordance with 28 U.S.C. § 1446(d).

37. Counsel for Plaintiff will be served with a copy of this Notice of Removal.

## VII. CONCLUSION

38. For the foregoing reasons, Defendant Accordia respectfully removes the *Schmidt* Action to this Court. By filing this Notice of Removal, Defendant expressly preserves and does not waive any defenses, objections, or motions that may be available to it under state or federal law. Moreover, by demonstrating that the amount in controversy requirement is satisfied, Defendant does not concede that the jurisdictional amount is recoverable. Rather, Defendant denies that any amount is recoverable by Plaintiff.

39. For all the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a).

**WHEREFORE**, Defendant respectfully requests that this Court exercise jurisdiction over this removed action, and that further proceedings be conducted in the United States District Court for the Southern District of California as provided by law.

134157955.4

Dated: October 19, 2023

CARLTON FIELDS, LLP
STEPHANIE G. CHAU

By:   */s/ Stephanie G. Chau*
     STEPHANIE G. CHAU
Attorneys for Defendant ACCORDIA LIFE AND ANNUITY COMPANY

E-mail: schau@carltonfields.com

134157955.4